**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOSHUA MCGLOTHAN, ON HIS OWN**
**BEHALF AND OTHERS SIMILARLY**
**SITUATED,**

                **Plaintiff,**

**-vs-**                                  **Case No. 6:06-cv-94-Orl-28JGG**

**WALMART STORES, INC.,**

                **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES (Doc. No. 24)** |
| **FILED:** | **May 24, 2006** |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |

Plaintiff, Joshua McGlothan, sues Defendant Wal-Mart Stores on his own behalf and others similarly situated for alleged violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA"). Specifically, Plaintiff's amended complaint alleges failure to pay overtime wages and retaliation for having brought this action. In response to Plaintiff's amended complaint, Defendant asserts affirmative defenses including estoppel and unclean hands. At issue is Plaintiff's motion to strike those two affirmative defenses from the answer.

**I.     THE LAW**

Rule 12(f) of the Federal Rules of Civil Procedure provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." It has been stated repeatedly that "[a] motion to strike is a drastic remedy[,]" which is disfavored by the courts and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Augustus v. Bd. of Public Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir.1962);[1] *Story v. Sunshine Foliage World, Inc.*, 120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000); *Seibel v. Society Lease, Inc.*, 969 F. Supp. 713, 715 (M.D. Fla.1997); *Poston v. Am. President Lines Ltd.,* 452 F. Supp. 568, 570 (S.D. Fla.1978).  Further, district courts have "broad discretion in disposing of motions to strike." *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976).

Striking an affirmative defense is proper only when the defense is insufficient as a matter of law.  *Id*.  "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law."  *Microsoft Corp. v. Jessee's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002).  Affirmative defenses are invalid as a matter of law if they do not meet the general pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, which require "a short and plain statement" of the defense.

Under federal standards of notice pleading, it is not always necessary to allege the evidentiary facts constituting the defense.  Rather, the pleading "need only give fair notice of the . . . defense so that opposing parties may respond, undertake discovery and prepare for trial."   WILLIAM W.

---

[1] Pursuant to *Bonner v. Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), all decisions of the former Fifth Circuit rendered prior to October 1, 1981, are binding precedent upon this Court.

SCHWARZER ET AL, FED. CIVIL PROCEDURE BEFORE TRIAL § 8:16 (2005), *citing Conley v. Gibson,* 355 US 41, 47-48, 78 S.Ct. 99, 103 (1957). Thus, for example, a statement that "[t]his claim is barred by the statute of limitations," gives fair notice of the defense and meets Rule 8 pleading requirements. *See Daingerfield Island Protective Soc. v. Babbitt*, 40 F.3d 442, 445 (D.C. Cir. 1994).

II.  **ANALYSIS**

Plaintiff makes three arguments in support of his motion to strike. First, he argues that the defense of estoppel is unavailable in FLSA claims as a matter of law.[2] Second, he argues that because his suit serves an important public purpose, the defense of unclean hands also is unavailable as a matter of law. Finally, Plaintiff argues that the affirmative defense of unclean hands must be stricken because it is nothing more than a conclusory allegation.

    A.  **Estoppel is a Valid Defense to an FLSA Claim**

Defendant states a valid affirmative defense based on estoppel. Binding precedent in this Circuit establishes that the affirmative defense of estoppel is available in response to an FLSA claim where the employee affirmatively misleads the employer regarding the number of hours worked and the employer had no knowledge of the employee's actual hours. *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972). Although not perfectly phrased, Defendant's allegation "that the claims of the Plaintiff and some or all of any prospective plaintiffs are barred by the doctrines of estoppel and/or estoppel by silence, in that Plaintiff and some or all of any prospective plaintiffs failed to accurately reports hours allegedly worked and/or Defendant was unaware that Plaintiff and some

---

[2] Although Plaintiff identifies estoppel as Defendant's "Twentieth" affirmative defense and unclean hands as Defendant's "Twenty-First" affirmative defense, this is inaccurate as there was a numbering error in the answer. The Court discerns that numbers "20" and "21" correspond to paragraph numbers in the answer, and that the challenged defenses are the seventh and eighth affirmative defenses (although Defendant did not use headings to label the affirmative defenses).

or all of any prospective plaintiffs worked the hours claimed" satisfies notice pleading requirements and is sufficient to raise the affirmative defense of estoppel.

B. **Defendant States a Valid Defense Based on Unclean Hands**

Plaintiff relies primarily upon *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352 (1995), for the proposition that the unclean hands defense is unavailable where a private suit serves an important public purpose. Plaintiff then argues that his suit to enforce the overtime provisions of the FLSA serves an important public purpose and, therefore, the affirmative defense should be stricken. Plaintiff, however, misapplies *McKennon* to the facts of this case.

In *McKennon*, the Supreme Court addressed the question of whether the victim of age discrimination should be barred from *all* relief when, after her discharge, the employer discovers evidence of wrongdoing that would have led to the employee's termination on lawful grounds. *Id*. at 354. In analyzing the issue, the Court recognized that employees who bring private law suits for age discrimination vindicate important policy objectives. *Id*. at 358. The Court found that these policy objectives would be thwarted "if after-acquired evidence of wrongdoing that would have resulted in termination operates, in every instance, to bar all relief for an earlier violation of the Act." *Id*. Although the Court recognized the general rule that the unclean hands defense has not been applied where Congress authorizes broad equitable relief to serve important national policies, it rejected this general rule as applied cases involving after-acquired evidence of misconduct. *Id*. at 360-61. Indeed, the Court directs that the employee's misconduct "must be taken into account [when formulating a remedy]. . . lest the employer's legitimate concerns be ignored." *Id*. at 361.

Although the defense of unclean hands is different from the defense of after-acquired evidence of wrongdoing,[3] both defenses serve the same general purpose – to prevent a plaintiff from wrongfully profiting from misconduct. The Court need not now decide whether the doctrine of unclean hands bars all right to recovery in this case. The Court is persuaded that it should, at a minimum, take into account Plaintiff's alleged misconduct when analyzing remedies. The defense of unclean hands, therefore, is valid. Further, Defendant's allegation that the unclean hands was caused by Plaintiff's violation of company policies satisfies notice pleading requirements.

## CONCLUSION

For the above stated reasons, the Court **DENIES** Plaintiff's motion to strike the affirmative defenses of estoppel and unclean hands from Defendant's answer.

**DONE** and **ORDERED** in Orlando, Florida on June 14, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

---

[3] To establish after-acquired evidence of wrongdoing, the employer must "establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." *McKennon*, 513 U.S. at 362-62. The defense of unclean hands requires that: (1) the defendant demonstrate that the plaintiff's wrongdoing "is directly related to the claim against which it is asserted;" and (2) the defendant was personally injured by plaintiff's conduct. *Calloway v. Partners Nat'l Health Plans*, 986 F.2d 446, 450-51 (11th Cir. 1993).